UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE L. MONCADA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 437 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Denise L. Moncada brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying her application for disability benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for benefits on November 19, 2007, alleging a disability onset date of June 8, 2007. (R. 108.) The application was initially denied on March 10, 2008, and again on reconsideration on May 16, 2008. (R. 64-65.) Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on June 25, 2009. (R. 24-63.) On December 21, 2009, the ALJ denied Plaintiff's application and found her not disabled under the Social Security Act through December 31, 2007, the date last insured. (R. 15-20.)

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited February 28, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

1

The Appeals Council denied Plaintiff's request for review on July 26, 2011. (R. 1-4.) When Plaintiff appealed to the United States District Court for the Northern District of Illinois, the parties agreed to remand for a *de novo* hearing. (R. 300-07.)

On September 13, 2013, Plaintiff appeared and testified at a hearing in front of a new ALJ. (R. 281-99.) On September 23, 2013, the ALJ denied Plaintiff's application for benefits, finding her not disabled under the Social Security Act. (R. 268-75.) Plaintiff did not seek review of the ALJ's decision by the Appeals Council, and the Appeals Council did not otherwise assume jurisdiction. Thus, the ALJ's decision is the final decision of the Commissioner, reviewable by this Court under 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether

the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of June 8, 2007 and her last insured date of December 31, 2007. (R. 270.) At step two, the ALJ found that Plaintiff had the severe impairments of multiple sclerosis ("MS") and obesity. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (*Id.*) At step four, the ALJ found that Plaintiff had the RFC to perform the full range of light work. (R. 271.) At step five, the ALJ determined Plaintiff was capable of performing her past relevant work as an office manager, and thus was not disabled. (R. 274-75.)

Plaintiff first argues that the ALJ's credibility assessment was flawed. Defendant recently issued new guidance for evaluating symptoms in disability claims that "eliminate[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it can appropriately

be applied here because: (1) the new regulation is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) (stating that clarifying rules can be applied retroactively, and courts give "great weight" to an agency's expressed intent to clarify a regulation), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); and (2) it is substantially the same as the prior regulation, *compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). Under either regulation, the ALJ "is in the best position to determine the credibility of witnesses." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). Thus, the Court will "overturn a credibility determination only if it is patently wrong," that is, it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (quotations omitted).

Plaintiff asserted that, before her date last insured: (1) "she was easily fatigued and had decreased strength and sensation in her hands"; (2) had "exacerbations of her [MS] symptoms every few months"; (3) could not complete a full eight-hour workday . . . due to fatigue"; (4) she worked part-time . . . and . . . rested for several hours after work before she could do another activity." (R. 271-72.) The ALJ rejected these allegations because they were not supported by plaintiff's medical records: "The claimant's medical records do not support the . . . allegation that her symptoms worsened in June 2007. Rather, the medical records do not demonstrate treatment for the claimant's condition and associated symptoms during the period at issue. In addition, subsequent medical records show minimal clinical abnormalities and no clinical evidence of fatigue, cognitive issues or difficulties using her hands." (R. 272.) As plaintiff points out, however, SSR 16-3p prohibits an ALJ from "disregard[ing] an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by

4

the individual." SSR 16-3p, 2016 WL 1119029, at *5. Because the lack of objective support is the only reason the ALJ offered for rejecting plaintiff's allegations, this case must be remanded for a new symptom evaluation.

Plaintiff also contends that the ALJ improperly discounted the opinion of Dr. DeJong, one of her treating physicians. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527).

The record shows that Dr. DeJong treated Plaintiff twice before her date last insured: on April 16, 2007 and on December 10, 2007. (R. 188-91.) The April medical record states that Plaintiff was diagnosed with MS in 1991, she has been "fairly stable neurologically over the last 16 years" and "has not been on any medications" for MS. (R. 188.) At the December appointment, Dr. DeJong completed an "Arthritic Report" from the Bureau of Disability Determination Services and noted that Plaintiff complained of fatigue and pain. (R. 189.) Dr. DeJong wrote that Plaintiff can stand or walk five to ten minutes before feeling fatigued, shuffles when exhausted, has numb legs at times, and said that she cannot work. (R. 190.) However, Dr. DeJong also said: "We have no old records to show any diagnosis; all based on patient's information." (R. 191.)

In rejecting Dr. DeJong's December opinion, the ALJ noted that: (1) the December report was inconsistent with the April and its contents were not supported by Dr. DeJong's records; (2) Dr. DeJong was a primary care physician, not a specialist; (3) he only saw Plaintiff twice and did not have her prior medical records; and (4) his opinion was based on Plaintiff's reports, not on clinical testing. (R. 272-74.) Because the ALJ explained, with reference to the regulatory factors, why she rejected Dr. De Jong's opinion, that decision was not erroneous.

Plaintiff also argues that the ALJ improperly discounted the opinion of Plaintiff's neurologist, Dr. Itkin. Though Dr. Itkin is a specialist, the ALJ noted that he examined plaintiff only once, nine months after her date last insured, and did not opine about her condition during the relevant period. (R. 274.) However, Dr. Itkin's report states that plaintiff has "relapsing progressive form" of MS (R. 242), *i.e.*, that her condition worsens over time, and "quite significant disability both in cognitive fashion and relapsing weakness in the leg." (*Id.*) Yet, the ALJ did not ask Dr. Itkin or an independent medical expert whether, given the progressive nature of plaintiff's condition, her "significant disability" likely arose before or after her date last insured. That was error. *See Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004) ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable."); SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996) ("[I]n some instances, additional development required by a case--for example, to obtain more evidence or to clarify reported clinical signs or laboratory findings--may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency between a treating source's medical opinion and the other substantial evidence in the case record.").

Plaintiff also contests the ALJ's assessment of the opinions of the agency doctors and the RFC determination.  Because both decisions were influenced by or premised on the ALJ's flawed symptom evaluation and assessment of Dr. Itkin's opinion, these issues will have to be revisited on remand as well.

**Conclusion**

For the reasons set forth above, the Court reverses the Commissioner's decision, denies her motion for summary judgment [23], and remands this case for further proceedings consistent with this memorandum opinion and order.  This case is terminated.

**SO ORDERED.**                          **ENTERED:  March 28, 2017**

_____
**M. David Weisman**
**United States Magistrate Judge**